# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
12/22/2015
CT Log Number 528369751

**TO:**  Pamela Phillips
Fidelity National Information Services, Inc.
601 Riverside Avenue
Jacksonville, FL 32204

**RE:**  **Process Served in California**

**FOR:**  Chex Systems, Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JASON ALAN, Pltf. vs. Chex Systems, Inc. and JPMorgan Chase Bank, Dfts. |
| **DOCUMENT(S) SERVED:** | Complaint, Attachment(s), Summons, Cover Sheet, Addendum(s) and Statement(s), Amended General Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 15K14213 |
| **NATURE OF ACTION:** | Violation of Fair Credit Reporting Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/22/2015 at 08:01 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Todd M. Friedman<br>Law Offices of Todd M. Friedman, P.C.<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>877-206-474 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/23/2015, Expected Purge Date: 12/28/2015<br><br>Image SOP<br><br>Email Notification,  Kathy Hause  Kathy.Hause@fisglobal.com<br><br>Email Notification,  Pamela Phillips  pamela.phillips@fisglobal.com<br><br>Email Notification,  Lynn Cravey  Lynn.Cravey@fisglobal.com<br><br>Email Notification,  Crystal Warren  Crystal.Warren@FISGlobal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / KP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

NOV 16 2015

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

15K14213

DEC 22 2015
8\31

BY FAX

|  |  |
|---|---|
| JASON ALAN, <br><br> Plaintiff, <br><br> -vs- <br><br> CHEX SYSTEMS, INC., and JPMORGAN CHASE BANK, <br><br> Defendant. | CASE NO.: <br><br> COMPLAINT FOR MONEY, INJUNCTIVE AND DECLARATORY RELIEF <br><br> 1. Violation of Fair Credit Reporting Act <br> 2. Violation of the California Consumer Credit Reporting Agencies Act <br><br> (Damages Not to Exceed $10,000) |

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Act, *Cal. Civ. Code* § 1785.25 (hereinafter "CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2.     Plaintiff, Jason Alan ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and are "consumers" as defined by 15 U.S.C. §1681a.

3.      At all relevant times herein, JPMorgan Chase, (herein after "Defendant Chase") regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA.  At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

4.      At all relevant times herein, Chex Systems, Inc. (herein after "Defendant Chex") is a check verification service and also an "information furnisher" as defined by the FCRA.  At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

5.      At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

6.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

7.      Within one year prior to the filing of this action, Defendant Chase contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8.      During all relevant times, Defendant Chase reported a negative tradeline reflecting Plaintiff's account to Defendant Chex.

9.      Plaintiff is informed, believes, and alleges thereon that the tradeline reported was false, incomplete, and/or inaccurate.

10.     On or about August 18, 2015, Plaintiff disputed said negative tradeline by sending a letter informing Defendant Chex of such.  Accordingly, Defendants were put on actual and/or constructive notice of Plaintiff's dispute.

11.     On or about September 4, 2015, Defendant Chex responded to Plaintiff's August 18, 2015, letter by stating that it was "unable to verify the accuracy of the disputed information submitted by [Defendant Chase] within the timeframe required by the [FDCPA], and/or applicable statutes, therefore it has been removed from his consumer file." Exhibit A.

12.     Defendant Chex removed the file, but only temporarily.

13.     Despite Plaintiff's efforts, Defendants re-reported Plaintiff's account as a charge-off and having a past due balance.

14.     Plaintiff was not provided notice of the re-insertion of said negative tradeline. Defendant is required by the FCRA to provide Plaintiff with a notice within five (5) days if a negative tradeline is re-inserted or deleted.

15.     Defendants failed to validate Plaintiff's alleged debt owed within the timeframe imposed by law.

16.     Defendants provided derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

17.     Defendants were aware that the credit reporting agencies to which they provided this information were going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

18.     The inaccurate, false, or incomplete information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with Defendants.

19.     The inaccurate information negatively reflected upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness during all relevant times.

20.     The credit reports had been disseminated to various persons and credit grantors, both known and unknown.

21.     Within the last two years, Plaintiff disputed the inaccurate information with Defendant Chex by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information. Further, Plaintiff enclosed in his written dispute documents that either proved to Defendant Chex that its information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

22.     Defendant then and there owed to Plaintiff a duty to assist any credit reporting agency or similar agency in an investigation into the disputed facts that are being reported about Plaintiff.

23.   Notwithstanding Plaintiff's efforts and Defendants' duties, Defendants continued publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other credit reporting agencies.

24.   Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate, false, or incomplete information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiffs.

25.  Plaintiff has been damaged in the following ways:

   a.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;
   b.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   c.  Decreased credit score which may result in inability to obtain credit on future attempts.

26.   At all times pertinent hereto, Defendant Chex and Defendant Chase were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

27.   At all times pertinent hereto, the conduct of Defendant Chex and Defendant Chase, as well as that of its agents, servants and/or employees, were malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

28.   Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a.  Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;
   b.  Willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to there Defendants;
   c.  Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;
   d.  Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and

all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

29.     Defendants' conduct were a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

30.     Further, Defendants failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendants then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

31.     As a result of the above violations of the FCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

32.     Plaintiff reincorporates by reference all of the preceding paragraphs.

33.     To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Actual damages as proven;

B. Statutory damages for willful and negligent violations;

C. Costs and reasonable attorney's fees; and,

D. For such other and further relief as may be just and proper.

///

///

///

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

34. Plaintiff reincorporates by reference all of the preceding paragraphs.

35. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

36. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

37. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

38. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

39. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Costs and reasonable attorney's fees;

(d)    For such other and further relief as the Court may deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

Respectfully submitted this 16th day of November, 2015

By: _____

Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

7

Complaint

Complaint Review

10/2/15, 7:52 AM

 **cfpb** Consumer Financial
Protection Bureau

Welcome Jason Alan [Logout]

Case number: 150929-000010

·Back

## STATUS

Company responded

Chex Systems said:
**Explanation of closure**
   Chex Systems, Inc. (ChexSystems) has reviewed the most recent complaint filed by Mr. Jason
Alan.

As stated in our responses to your office on September 4, 2015, under complaint case number
150827-002435,   and September 14, 2015, under complaint case number 150827-002624,
ChexSystems received correspondence directly from Mr. Alan on August 18, 2015, which included
the dispute he provided to your office.  As is our standard practice when a consumer dispute is
received, ChexSystems placed the reported information in a disputed status and on August 19, 2015,
we mailed a letter to inform Mr. Alan of our intent to investigate.  We notified JP Morgan Chase of
Mr. Alan's dispute and requested that they investigate the accuracy and completeness of the
information they reported to us.

On September 16, 2015, ChexSystems mailed a letter to inform Mr. Alan that we have been unable
to verify the accuracy of the disputed information submitted by JP Morgan Chase within the
timeframe required by the Federal Fair Credit Reporting Act, and/or applicable state statutes,
therefore it has been removed from his consumer file.

The letter also informed Mr. Alan that if JP Morgan Chase completes the investigation process, and
requests that the report be re-inserted, ChexSystems will require that they certify the accuracy of the
information.  If JP Morgan Chase does certify the accuracy and completeness of the information, it
will be reinserted into Mr. Alan's consumer file. If that situation occurs, Mr. Alan will be notified of the
change to the information on file.

   **Dispute**

**Response**
   Chex Systems, Inc. (ChexSystems) has reviewed the most recent complaint filed by Mr. Jason
Alan.

As stated in our responses to your office on September 4, 2015, under complaint case number
150827-002435,   and September 14, 2015, under complaint case number 150827-002624,
ChexSystems received correspondence directly from Mr. Alan on August 18, 2015, which included
the dispute he provided to your office.  As is our standard practice when a consumer dispute is
received, ChexSystems placed the reported information in a disputed status and on August 19, 2015,
we mailed a letter to inform Mr. Alan of our intent to investigate.  We notified JP Morgan Chase of
Mr. Alan's dispute and requested that they investigate the accuracy and completeness of the
information they reported to us.

On September 16, 2015, ChexSystems mailed a letter to inform Mr. Alan that we have been unable
to verify the accuracy of the disputed information submitted by JP Morgan Chase within the
timeframe required by the Federal Fair Credit Reporting Act, and/or applicable state statutes,

therefore it has been removed from his consumer file.

The letter also informed Mr. Alan that if JP Morgan Chase completes the investigation process, and requests that the report be re-inserted, ChexSystems will require that they certify the accuracy of the information. If JP Morgan Chase does certify the accuracy and completeness of the information, it will be reinserted into Mr. Alan's consumer file. If that situation occurs, Mr. Alan will be notified of the change to the information on file.

## WHAT HAPPENED

**Product** Credit reporting

**Issue** Credit reporting company's investigation: Investigation took too long

**Have you disputed the issue with the credit reporting company and received a final response?** Yes : No

**Describe what happened so we can understand the issue...**
    Related dispute #150827-002624

Please see attached letter sent to ChexSystems

**Consent to publish the description of what happened?** Consent not provided

**Supporting documents**
    ChexSystems.pdf    (482.1 KB)

## PRODUCT INFORMATION

**Information about the credit reporting company**
    Chex Systems
    United States



# COPY

## BY FAX

SUM-100

### SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHEX SYSTEMS, INC., and JPMORGAN CHASE BANK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JASON ALAN

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

NOV 16 2015

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles County<br><br>111 North Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**15K14213** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE:<br>*(Fecha)* | **SHERRI R. CARTER** | Clerk, by<br>*(Secretario)* | Anabella Figueroa | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

NOV 16 2015

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]          SUMMONS          Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
324 S. Beverly Dr., #725
Beverly Hills, CA 90012

TELEPHONE NO: 877-206-4741        FAX NO: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, Jason Alan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jason Alan v. Chex Systems, Inc., and JPMorgan Chase Bank

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

NOV 16 2015

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

CASE NUMBER:
**15K14213**

BY FAX

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2; California Consumer Credit Reporting Agencies Act
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: November 16, 2015
Todd M. Friedman
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10.
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# COPY

| SHORT TITLE: Jason Alan v. Chex Systems, Inc., and JPMorgan Chase Bank | CASE NUMBER 15K14213 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**BY FAX**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  YES      CLASS ACTION?  YES  LIMITED CASE? ✓YES   TIME ESTIMATED FOR TRIAL 2-3 ____   HOURS/✓DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premise Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev 3/15)  
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Jason Alan v. Chex Systems, Inc., and JPMorgan Chase Bank | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above. |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Jason Alan v. Chex Systems, Inc., and JPMorgan Chase Bank | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Jason Alan v. Chex Systems, Inc., and JPMorgan Chase Bank | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>6714 Zelzah Ave. |
|---|---|

| CITY:<br>Reseda | STATE:<br>CA | ZIP CODE:<br>91335 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: November 16, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA** **FILED**

LOS ANGELES SUPERIOR COURT

**FOR THE COUNTY OF LOS ANGELES**

OCT 0 5 2015

In re Limited Civil Jurisdiction Cases Calendared )
in Department 77 (Non – Collections Cases) )

Case No.: SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

C. Casarez

BY C. CASAREZ, DEPUTY

**AMENDED GENERAL ORDER**

**15K14213**

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the

Los Angeles County Superior Court Local Rules, the COURT HEREBY ISSUES THE

FOLLOWING GENERAL ORDERS THAT SHALL APPLY TO ALL LIMITED CIVIL

(NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 77.

1.      PLAINTIFF(S) IS/ARE ORDERED TO SERVE A COPY OF THIS GENERAL

ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT

AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS ORDER.

2.      The Court sets the following trial date in this case in Department 77 (7th floor,

Room 736) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

POS: 0 5 / 16 / 2016   TRIAL: 0 5 / 16 / 2017   OSC: 11 / 16 / 2018

| TRIAL: | |
|---|---|
| • Date: _____ | at 8:30 a.m. |

**SERVICE OF SUMMONS AND COMPLAINT**

3.      The trial date set forth above is conditioned on the defendant(s) being served with

the summons and complaint within six (6) months of the filing of the complaint. This is not an

appearance date. The trial date may be continued to a later date if service is not accomplished

Amended General Order – Page 1 of 4

within six months.  The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.      The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).)  Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).)  The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

---

**UNSERVED PARTIES DISMISSAL DATE**

_____

---

5.      No Case Management Review (CMR) and no Mandatory Settlement (MSC) or Final Status Conferences (FSC) will be conducted in this case.

### LAW AND MOTION

6.      All regularly noticed pretrial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.  A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Courts Reservation System (CRS).  All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7.   Tentative Rulings may be posted on the Court's internet site no later than the day prior to the hearing.  To access tentative rulings, parties may go to **lacourt.org**, select "Civil Divisions," and then click on "Tentative Rulings."

## EX PARTE APPLICATIONS

8.   Ex parte applications must be noticed for 1:30 p.m. in Department 77.  All ex parte application fees must be paid by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9.   The fees for a jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by Code of Civil Procedure section 631, subdivisions (b) and (c).

## STIPULATION TO CONTINUE TRIAL

10.   A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date.  If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77.  A proposed order shall be lodged along with the stipulation.  The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

## TRIAL

11.   Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the day of trial the parties shall bring with them to Department 77 all of the following:

i.   A printed Joint Statement of the Case;

ii.   Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court (LASC) see local rule 3.57;

iii.     A printed Joint Witness List disclosing an offer of proof regarding each testimony, the time expected for testimony, and the need of an interpreter.

iv.     Joint Exhibits in Exhibit Books, numbered appropriately, and Exhibit List;

v.     Printed Joint Proposed Jury Instructions, and

vi.     A printed Joint Proposed Verdict form(s).

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATED:  October  5 , 2015

Hon. Kevin C. Brazile
Judge of the Superior Court
Supervising Judge of Civil

Amended General Order – Page 4 of 4

1

## PROOF OF SERVICE

2          At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Orange, State of California.  My business address is The Atrium,

3     19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4          On January 21, 2 016, I served true copies of the following document(s):

5     **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1331**

6     on the interested parties in this action as follows:

7     Todd M. Friedman, Esq.                        Attorneys for Plaintiff
      Adrian R. Bacon, Esq.                         Jason Alan
8     Law Offices of Todd M. Friedman, P.C.
      324 S. Beverly Dr., Suite 725                 Telephone:    (877) 206-4741
9     Beverly Hills, CA  90212                       Facsimile:    (866) 633-0228
                                                     tfriedman@attorneysforconsumers.com
10                                                   abacon@attorneysforconsumers.com

11         **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
      persons at the addresses listed in the Service List and placed the envelope for collection and
12    mailing, following our ordinary business practices.  I am readily familiar with Severson &
      Werson's practice for collecting and processing correspondence for mailing.  On the same day that
13    the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
      business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14         I declare under penalty of perjury under the laws of the State of California that the
15    foregoing is true and correct.

16         Executed on January 21, 2016, at Irvine, California.

17

18                                           _____
                                                      Judith Duenes
19

20

21

22

23

24

25

26

27

28

31176.0104/6374724.1